**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| HEYLER E. ORTIZ RODRIGUEZ, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-566 (PTG/LRV) |
| | ) | |
| JEFF CRAWFORD, | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on a Petition for Habeas Corpus (Dkt. 1) and Emergency Motion for a Temporary Restraining Order (Dkt. 3). The Petitioner is Heyler E. Ortiz Rodriguez. An individual named Iris Y. Rodriguez Cruz, who is Petitioner's wife and lives in New York, filed the Petition and Motion for Petitioner, as a "next friend." Petitioner did not sign any of the submissions.

Rule 2(c)(5) of the Rules Governing §2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5).[1] The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the

---

[1] Rule l(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule l(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598,603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603-04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Ms. Rodriguez Cruz does not show that she qualifies as "next friend" and, therefore, the Motion fails to comply with Rule 2(c)(5). Ms. Rogriguez Cruz does not provide any explanation as to why Petitioner cannot appear and prosecute the action. The simple fact that Petitioner is detained is not sufficient to show that Petitioner cannot appear on his own behalf to prosecute the action. *See Hamdi*, 294 F.3d at 603-04 (requiring showing of "inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (finding "blanket assertion" that petitioner was her husband and was incarcerated insufficient to show that petitioner could not initiate the petition from prison and that she was next friend).[2] Moreover, Ms. Rodriguez Cruz filed the documents in this case and there is no evidence

---

[2] Indeed, the Court has received pro se § 2241 petitions filed by detainees in the Farmville Detention Center.

that Petitioner has seen or approved of the contents of the filings in this case. That is not permissible.[3]  Accordingly, the Court will not recognize the filings made by Ms. Rodriguez Cruz. Petitioner must sign his submissions to this Court under penalty of perjury.

Accordingly, it is hereby

**ORDERED** that the Petition (Dkt. 1), is **DENIED WITHOUT PREJUDICE**, and the action is **DISMISSED**; and it is further

**ORDERED** that the Emergency Motion for a Temporary Restraining Order (Dkt. 3) is **DENIED as moot**.

Nevertheless, to expedite any further § 2241 petition filed by Petitioner himself, the Clerk is **DIRECTED** to mail a copy of this Order, the as-filed Petition in this action (Dkt. 1), and a standardized form for filing a § 2241 petition to Petitioner at the Farmville Detention Center.  If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court. Petitioner must sign the form himself.  Any § 2241 petition will be opened as a new civil action.

---

[3] Additionally, Ms. Rodriguez Cruz does not represent that she is an attorney.  Parties may plead and conduct their own cases personally or by counsel in all courts of the United States.  *See* 28 U.S.C. § 1654.  Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law.  Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745-46 (Va. 2006).

3

Petitioner does not request, and the Court does not grant, leave to amend, rendering this order final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that an order dismissing a case without leave to amend is final and appealable). Should Petitioner desire to appeal, a written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof Failure to file a notice of appeal within that period may result in the loss of the ability to appeal.

Entered this 26 day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4